**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **FRANCINE TAYLOR** | § | |
| | § | |
| **vs.** | § | **Case No. 4:22-CV-557-SDJ** |
| | § | |
| **JACK HENRY & ASSOCIATES, INC.** | § | |

**JOINT RULE 26(f) CONFERENCE REPORT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to the Court's Order, the parties file this Joint Rule 26(f) Conference Report.

**1. A brief factual and legal synopsis of the case.**

(a) <u>Plaintiff's Contentions</u>

Plaintiff asserts claims under the American with Disabilities Act and Texas Labor Code for unlawful failure to engage in an interactive dialogue concerning reasonable accommodations to Plaintiff's disability, denial of reasonable accommodations to Plaintiff's disability, discrimination on the basis of Plaintiff's disability and retaliation on account of Plaintiff's requests for reasonable accommodations to her disability and complaints of other discriminatory. In connection with such claims, Plaintiff asserts that Defendant's reasons for discharge referred to below in subparagraph (b) were not legitimate non-discriminatory non-retaliatory reasons, but each pretextual as tainted by direct or circumstantial evidence of disability bias, or otherwise pretextual.

(b) <u>Defendant's Contentions</u>

Defendant hired Plaintiff on March 4, 2019 as a technical support representative. Defendant discharged Plaintiff as an employee on August 31, 2020, due to Plaintiff's failure to timely report to her assigned shifts, failure to follow instructions, and due to her substandard work.

Defendant denies Plaintiff's allegations that she was discriminated and/or retaliated against due to her alleged disability. All employment decisions with respect to Plaintiff were based on legitimate, non-discriminatory, and non-retaliatory reasons.

2. **The jurisdictional basis for the suit.**

This Court has jurisdiction over this action under 28 U.S.C. §1331 on the ground of a federal question based on Plaintiff's claims under the Americans with Disabilities Act and jurisdiction under 28 U.S.C. §1332 on the ground of diversity and 28 U.S.C. §1367 based on Plaintiff's claims under the Texas Labor Code.

3. **A list of the correct names of the parties in this action and any anticipated additional or potential parties.**

The parties' names are correct as listed in this suit.  The parties do not anticipate any additional or potential parties.

4. **A list of any cases related to this case pending in any state or federal court, identifying the case numbers and courts along with an explanation of the status of those cases.**

None.

5. **Confirm that initial mandatory disclosure required by Rule 26(a)(1) and this order has been completed.**

The parties will exchange initial disclosures by November 8, 2022.

6. **Proposed Scheduling Order Deadlines:**

| | |
|---|---|
| 02/17/2023 | Deadline for motions to transfer. |
| 03/17/2023 | Deadline to add parties. |
| 04/14/2023 | Disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b) on issues for which the party bears the burden of proof. |
| 04/28/2023 | Deadline for Plaintiff to file amended pleading. (A motion for leave to amend is required). |

| | |
|---|---|
| 05/12/2023 | Disclosure of expert testimony pursuant to Fed. R Civ. P. 26(a)(2) and Local Rule CV-26(b) on issues for which the party does not bear the burden of proof. |
| 05/12/2023 | Deadline for Defendant's final amended pleadings. (A motion for leave to amend is required). |
| 06/02/2023 | Deadline to object to expert testimony on issues for which the party seeking to introduce that testimony bears the burden of proof. Objection shall be made as a motion to strike or limit expert testimony and shall be accompanied by a copy of the expert's report in order to provide the Court with all the information necessary to make a ruling on any objection. |
| 06/16/2023 | Deadline to object to expert testimony on issues for which the party seeking to introduce that testimony does not bear the burden of proof. Objection shall be made as a motion to strike or limit expert testimony and shall be accompanied by a copy of the expert's report in order to provide the Court with all the information necessary to make a ruling on any objection. |
| 02/01/2023 | Deadline by which the parties shall notify the Court of the name, address, and telephone number of the agreed-upon mediator, or request that the Court select a mediator, if they are unable to agree on one. |
| 07/28/2023 | All discovery shall be commenced in time to be completed by this date. |
| 08/18/2023 | Deadlines for motions to dismiss, motions for summary judgment, or other dispositive motions. |
| 04/01/2023 | Mediation must occur by this date. |
| 12/06/2023 | Notice of intent to offer certified records. |
| 12/06/2023 | Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order and Joint Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of law in non-jury cases). |

| | |
|---|---|
| 12/13/2023 | Video Deposition Designation due. Each party who proposes to offer a deposition by video shall serve on all other parties a disclosure identifying the line and page numbers to be offered. All other parties will have seven calendar days to serve a response with any objections and requesting cross examination line and page numbers to be included. Counsel must consult on any objections and only those which cannot be resolved shall be presented to the Court. The party who filed the initial Video Deposition Designation is responsible for preparation of the final edited video in accordance with all parties' designations and the Court's ruling on objections. |
| 12/15/2023 | Motions in limine due. |
| | File Joint Final Pretrial Order. |
| 01/01/2024 | Responses to motions in limine due. |
| | File objections to witnesses, deposition extracts, and exhibits, listed in pre-trial order. (This does not extend deadline to object to expert witnesses). |
| | File Proposed Jury Instructions/Form of Verdict (or Proposed Findings of Fact and Conclusions of Law). |
| | File Proposed Voir Dire Questions. |
| Date will be set by Court.<br><br>Usually within 10 days prior to final pretrial conf. | If numerous objections are filed, the Court may set a hearing to consider all pending motions and objections. |
| To be determined | Final Pretrial Conference at 9:00 a.m. at the United States Courthouse located at 7940 Preston Road, Plano, Texas 75024. Parties should be prepared to try case. All cases on the Court's Final Pretrial Conference docket for this day have been set at 9:00 a.m. However, prior to the Final Pretrial Conference date, the Court will set a specific time between 9:00 a.m. and 4:00 p.m. for each case, depending on which cases remain on the Court's docket. The parties are |

|  |  |
|---|---|
|  | requesting that the final pretrial conference be continued to a later date that corresponds with a March 2024 trial setting, as defense counsel has trial settings that are in conflict with the current pretrial conference and trial setting in this matter (please see attached Notice of Jury Trial). |
| To be determined | 10:00 a.m. jury selection and trial (or bench trial) at the United States Courthouse located at 7940 Preston Road, Plano, Texas 75024. The parties are requesting a trial setting in March 2024, due to conflicting trial settings for defense counsel (please see attached Notices of Jury Trial). A specific trial date in this time frame will be selected at the Final Pretrial Conference. |

**7. Describe in accordance with Rule 26(f)**

**(i) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

Plaintiff and Defendant contemplate needing discovery on Plaintiff's allegations of disability discrimination as well as Plaintiff's claimed damages. Plaintiff also anticipates needing discovery on Defendant's affirmative and other defenses.

The parties request that the discovery period not conclude until July 28, 2023.

The parties do not request that discovery be conducted in phases or limited to or focused on particular issues.

**(ii) Any issues relating to disclosure or discovery of electronically stored information ("ESI"), including the form or forms in which it should be produced (whether native or some other reasonably usable format) as well as any methodologies for identifying or culling the relevant and discoverable ESI. Any disputes regarding ESI that counsel for the parties are unable to resolve during conference must be identified in the report.**

None at this time.

**(iii) Any agreements or disputes relating to asserting claims of privilege or preserving discoverable information, including electronically stored information and any agreements reached under Federal Rule of Evidence 502**

> **(such as the potential need for a protective order and any procedures to which the parties might agree for handling inadvertent production of privileged information and other privilege waiver issues). A party asserting that any information is confidential should immediately apply to the Court for entry of a protective order.**

The parties have agreed to the following procedure for asserting claims of privilege after production. If a party inadvertently discloses to a receiving party privileged information or work product materials, the disclosing party may so advise the receiving party in writing and request and obtain return of the inadvertently produced items; and the receiving party shall not keep any copies of such information or materials. No party to this action shall, after such notice, assert that said disclosure waived any privilege or protection, and, pursuant to Federal Rule of Evidence 502(d), no such waiver shall occur. The provisions of this paragraph shall not apply to any disclosure when that disclosure is made by the disclosing party at trial or in support of any position taken in Court during pre-trial proceedings.

> **(iv) Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and any other limitations that should be imposed.**

None at this time.

> **(v) Whether any other orders should be entered by the Court pursuant to Federal Rule of Civil Procedure 26(c) or 16(b), (c).**

None at this time.

> **8. State the progress made toward settlement, and the present status of settlement negotiations, including whether a demand and offer has been made. If the parties have agreed upon a mediator, also state the name, address, and phone number of that mediator, and a proposed deadline for mediation. An early date is encouraged to reduce expenses. The Court will appoint a mediator if none is agreed upon.**

The parties have not engaged in settlement discussions.

9. **The identity of persons expected to be deposed.**

Plaintiff expects to depose Jennifer Collins, her supervisor at Defendant, Paris Ivory, a human resources representative of Defendant, Dennis Gorges, Director of Risk Management of D, one or more representatives of CIGNA, Defendant's disability accommodation vendor, and or more corporate representatives of Defendant.

Defendant may depose Plaintiff with respect to the factual allegations and legal claims in her Original Complaint and Amended Complaint. Defendant may also depose any other persons identified by Plaintiff in her initial disclosures or in response to discovery requests. Defendant may depose any expert witness identified by Plaintiff.

10. **Estimated trial time and whether a jury demand has been timely made.**

The parties anticipate that it will take approximately 4-5 days to try the case to verdict. Plaintiff has demanded a jury trial.

11. **The names of the attorneys who will appear on behalf of the parties at the management conference (the appearing attorney must be an attorney of record and have full authority to bind the client.)**

Robert E. Goodman, Jr. for Plaintiff

Tracey Wallace for Defendant

12. **Whether the parties jointly consent to a trial before a magistrate judge.**

The parties do not consent to trial before a magistrate judge.

13. **Any other matters that counsel deem appropriate for inclusion in the joint conference report or that deserve the special attention of the Court at the management conference.**

On October 21, 2022, Counsel for Defendant was notified of a conflicting trial setting for another matter in the United States District Court of Texas Southern Division. The case style for this conflicting matter is *William Oliver v. Jack Henry & Associates, Inc.*, Case No. 4:22-cv-01309.

This matter is set for jury trial on October 16, 2023, before the Honorable United States District Judge Alfred H. Bennett. (See attached Exhibit A, Notice of Jury Trial).

Further, defense counsel has a setting four week setting for trial beginning on January 8, 2024.  The case style for that matter is *Columbus E. Boykin vs. State Farm Mutual Automobile Company.,* Cause No. 3:22-cv-1676-G, before the Honorable United States District Judge A. Joe Fish.  (See attached Exhibit B, Scheduling Order).  For this reason, the parties request a trial setting for this matter not earlier than March 2024.

Respectfully submitted,

*/s/ Robert E. Goodman, Jr.*
**Robert E. Goodman, Jr.**
State Bar No. 08158100
reg@kilgorelaw.com

**KILGORE & KILGORE, PLLC**
3141 Hood Street, Suite 500
Dallas, Texas 75219
Telephone: (214) 379-0823
Facsimile: (214) 379-0840

**ATTORNEY FOR PLAINTIFF**

**-AND-**

*/s/ Tracey R. Wallace*
**Tracey R. Wallace**
State Bar No. 00797617
Tracey.wallace@jacksonlewis.com
**Mehreen Mazhar**
State Bar No. 24096992
Mehreen.Mazhar@jacksonlewis.com

**JACKSON LEWIS P.C.**
500 N. Akard, Suite 2500
Dallas, Texas 75201
Telephone: (214) 520-2400
Facsimile:  (214) 520-2008

**ATTORNEYS FOR DEFENDANT**

4879-7204-1532, v. 1