**EXHIBIT B**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COLUMBUS E. BOYKIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:22-CV-1676-G |
| STATE FARM MUTUAL | ) | |
| AUTOMOBILE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ESTABLISHING SCHEDULE AND CERTAIN PRETRIAL REQUIREMENTS

The court, having considered the status report submitted by the parties, finds that the following order should be entered, pursuant to Rule 16(b), FED. R. CIV. P., and the local rules of this court (except as modified herein), to schedule this case for disposition and, if disposition by a trial is needed, to expedite the trial.

Unless otherwise ordered or specified herein, all limitations and requirements of the Federal Rules of Civil Procedure, as amended, must be observed.

1.  Pursuant to Local Rule 16.3(a), the parties to this case shall enter settlement negotiations as early as possible. If the parties do not report by **June 1, 2023,** that this case has been settled, it will be ordered to mandatory but non-binding mediation. *See* Rules 1, 16, FED. R. CIV. P.; 28 U.S.C. § 473(a)(6), (b)(4);

Civil Justice Expense and Delay Reduction Plan of the Northern District of Texas ¶ III (1993); Texas Civil Practice and Remedies Code §§ 154.001 *et seq*. (Vernon Supp. 1997).

2. This case is **set for trial** on this court's four-week docket beginning **January 8, 2024.** Counsel and the parties shall be ready for trial on two (2) days notice at any time during this four-week period. Any potential conflicts must be called to the attention of the court **in writing** within **ten (10) days** from the date of this order.

3. a. By **January 13, 2023**, all motions requesting **joinder** of additional parties or **amendments** of pleadings shall be filed. Rule 16(b)(1), F.R. Civ. P.

b. By **July 5, 2023**, all motions that would dispose of all or any part of this case (including motions for **summary judgment**), shall be filed. (Modification of Local Rule 56.1).

c. Responses to motions must be filed within **twenty-one (21) days** (Local Rule 7.1(e)).

d. The deadlines in this paragraph 3 may be extended only by **formal motion** to the court. **Any extension requested shall not affect the trial or pretrial dates**.

4. Unless otherwise stipulated or directed by order, the plaintiff shall file a written designation of the name and address of each **expert witness** who will testify

- 2 -

at trial and shall otherwise comply with Rule 26(a)(2), FED. R. CIV. P. ("Rule 26(a)(2)"), on or before **June 14, 2023**.

Each defendant or third party shall file a written designation of the name and address of each **expert witness** who will testify at trial for that party and shall otherwise comply with Rule 26(a)(2) on or before **June 28, 2023**.

If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), the disclosures required under Rule 26(a)(2) shall be made within **30 days** after the disclosure made by the other party.

5. Unless otherwise directed by order, the parties must make the disclosures required by Rule 26(a)(3)(A)-(B), FED. R. CIV. P., by **December 1, 2023**.

Within **14 days thereafter**, a party must serve and file a list disclosing (i) any objections to the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii) and (ii) any objection, together with the grounds therefor, that may be made to the admissibility of materials identified under Rule 26(a)(3)(A)(iii), if any.

6. By **August 1, 2023**, all **discovery** -- including discovery concerning expert witnesses -- shall be completed.  The parties may agree to extend this discovery deadline, provided (1) the extension does not affect the trial or pretrial date and (2) **written notice** of the extension is given to the court.

      7.      By **December 29, 2023**, all **pretrial materials** shall be filed.

Specifically, by this date:

      a.  **A proposed joint pretrial order** that covers each of the matters listed in Local Rule 16.4 and states the **estimated length of trial** and whether the case is **jury or non-jury** shall be submitted by the plaintiff's attorney to Fish_Orders@txnd.uscourts.gov.  (The proposed joint pretrial order should not be filed on the docket sheet.)  If an attorney for either party does not participate in the preparation of the joint pretrial order, the opposing attorney shall submit a separate pretrial order with an explanation of why the joint order was not submitted (so that the court can impose sanctions, if appropriate).  However, failure to agree upon content or language is **not an excuse for submitting separate pretrial orders** -- since each party may present its version of any disputed matter in the joint pretrial order (Modification of Local Rule 16.4).  When the joint pretrial order is approved by the court, it will filed and will control all subsequent proceedings in this case.

      b.  **A list of witnesses** shall be filed by each party -- which divides the persons listed into groups of "**probable witnesses**," "**possible witnesses**," "**experts**" and "**record custodians**" which provides:

      (i)    the **name and address** of each witness; and

      (ii)   a brief **narrative summary** of the testimony to be covered by each witness.

(Modification of Local Rule 26.2(b) and FED. R. CIV. P. 26(a)(3)(A)).

Pursuant to Rule 16(c)(15), FED. R. CIV. P., and Section VII of the United States District Court for the Northern District of Texas Civil Justice Expense and Delay

Reduction Plan, the court intends to impose a reasonable limit on the time allowed for presenting evidence in this case. Accordingly, the parties must also state the **expected duration of direct and cross-examination of each witness**. *See* Commentary - 1993 Amendment to the Federal Rules of Civil Procedure (court should ordinarily impose time limits only after receiving appropriate submissions from the parties).

c. **A list of exhibits** and a **designation of portions of depositions** to be offered at trial shall be filed by each party. The list of exhibits shall describe the documents or things in numbered sequence. The documents or things to be offered as exhibits shall be numbered by attachment of gummed labels to correspond with the sequence on the exhibit list. In addition, counsel for each party intending to offer exhibits shall **exchange a complete set** of marked exhibits with opposing counsel; and shall deliver, on the day the case is called for trial, a set of marked exhibits to the court's chambers (except large or voluminous items that cannot be easily reproduced). (Modification of Local Rule 26.2(b), (c) and FED. R. CIV. P. 26(a)(3)(B)).

d. Additional copies of the **list of witnesses** and the **list of exhibits** (as required by Local Rule 26.2(b)) shall be **delivered** by each party, **on the day the case is called for trial**, to the **court reporter**.

e. **Requested jury instructions (annotated)**[1] shall be filed by each party (Modification of Local Rule 51.1).

---

[1] "Annotated " means that *each* proposed instruction or conclusion of law shall be accompanied by citation to statutory or case authority (and/or pattern instructions). It is not sufficient to submit a proposed instruction or conclusion of law without citation to supporting authority. Because Fifth Circuit and Supreme Court cases are the only precedent binding on this court, the parties should -- to the extent possible -- rely on these sources (and/or Fifth Circuit pattern instructions in proposing jury instructions).

    f. **Proposed findings of fact and conclusions of law (annotated)**[2] in a non-jury case shall be filed by each party having the burden of persuasion on an issue.  Within 5 days thereafter, any opposing party shall serve his **proposed findings and conclusions (annotated)**[3] on that issue, numbered in paragraphs corresponding to those earlier filed, in which the earlier version shall either be admitted or the responding party's version given, if it differs from that served earlier (Modification of Local Rule 52.1).

    g. **Motions in limine**, if any, shall be filed by each party -- these will not be considered unless they are limited to matters actually in dispute, after conference with opposing counsel, as required by Local Rule 7.1(a) -- and any **proposed voir dire questions** which the court is requested to ask during its examination of the jury panel.

    h. **Trial briefs, if any**, shall be filed by each party.  In the absence of a specific order of the court, trial briefs are not required, but are welcomed.  They should concentrate on Fifth Circuit and Supreme Court authority on the issues the parties anticipate will arise at trial.

**NOTE**:  Deadlines in this order are dates for the **filing** or **delivery** of pretrial material, **not mailing** dates.

8.  The exhibit list contemplated by paragraph 7(c) shall be accompanied, when it is filed, by a written statement, signed by counsel for each party (other than the party who will be offering an exhibit) that, as to each exhibit shown on the list,

    (a)  the parties agree to the admissibility of the exhibit, or

---

[2] *See* footnote 1.

[3] *See* footnote 1.

        (b)  the admissibility of the exhibit is objected to, identifying the nature and legal basis of any objection to admissibility and the name(s) of the party or parties urging the objection.

All parties shall cooperate in causing such statements to be prepared in a timely manner for filing with the exhibit lists.  Counsel for the party proposing to offer an exhibit shall be responsible for coordinating activities related to preparation of such a statement as to the exhibit he proposes to offer.  The court may exclude any exhibit offered at trial unless such a statement regarding the exhibit has been filed in a timely manner.

    9.    (a)  At least **ten (10) days** before the pretrial conference, the parties and their respective lead counsel shall hold a face-to-face meeting to discuss settlement of this case.  Individual parties and their counsel shall participate in person, not by telephone or other remote means.  All other parties shall participate by a representative or representatives, in addition to counsel, who shall have unlimited settlement authority and who shall participate in person, not by telephone or other remote means.  If a party has liability insurance coverage as to any claim made against that party in this case, a representative of each insurance company providing such coverage, who shall have full authority to offer policy limits in settlement, shall be present at, and participate in, the meeting in person, not by telephone or other remote means. At this meeting, the parties shall comply with the requirements of Local Rule 16.3.

(b)  Within **seven (7) days** after such meeting, the parties shall jointly prepare and file a written report, which shall be signed by counsel for each party, detailing the date on which the meeting was held, the persons present (including the capacity of any representative), a statement regarding whether meaningful progress toward settlement was made, and a statement regarding the prospects of settlement.

10.  **A pretrial conference** in the case is set for **Friday, January 5, 2024**, at **10:30 a.m**.  Each party shall be represented by at least one attorney who will conduct the trial and who has authority to enter into stipulations and admissions that would facilitate the admission of evidence and reduce the time and expenses of trial.  FED. R. CIV. P. 16(d).  All pretrial motions not previously decided will be resolved at that time, and procedures for trial will be discussed.  At the final pretrial conference, it should be possible to assign the specific date for trial during the four-week docket.  **Telephone calls about the probable trial date prior to the final pretrial conference will usually do nothing more than waste the time of counsel and the court staff**.

11.  This order shall control the disposition of this case unless it is modified by the court upon a showing of good cause and by leave of court.  FED. R. CIV. P. 16(b). Any request that the **trial date** of this case be modified must be made (i) **in writing** to the court, (ii) **before** the deadline for completion of discovery and (iii) **in accordance with the United States District Court for the Northern District of**

**Texas Civil Justice Expense and Delay Reduction Plan ¶ V and Local Rule 40.1** (motions for continuance must be signed by the party as well as by the attorney of record).

12. Should any party or counsel fail to cooperate in doing anything required by this order, such party or counsel or both may be subject to sanctions, including dismissal or entry of default without further notice. *See* FED. R. CIV. P. 16(f).

13. Counsel should be mindful that a last-minute trial cancellation inconveniences all the citizens who have come to serve as jurors and wastes taxpayer money. To avoid such a cancellation, counsel should complete settlement negotiations at least one day prior to the date scheduled for trial and should notify the court immediately if a settlement is reached.

14. Questions relating to this scheduling order or any other matters shall be directed to **chambers (214.753.2310)**.

**SO ORDERED**.

October 17, 2022.

*(signature)*
**A. JOE FISH**
**Senior United States District Judge**